MAINE SAVINGS BANK

v.

Jane CHEE.

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1990.

Decided July 11, 1990.

William P. Shumaker, Verrill & Dana, Portland, for plaintiff.

Lee H. Bals, Friedman & Babcock, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

Jane Chee appeals a summary judgment entered in Superior Court (Kennebec County, *Brody, C.J.*) on the complaint of the plaintiff, Maine Savings Bank, for foreclosure of a real estate mortgage. As the only issue on appeal Chee contends that the court erred in denying her request for a continuance and granting summary judgment in reliance on the Bank's supplementary affidavit. We affirm the judgment.

Both in the Superior Court and before us, Chee presents a singularly unpersuasive argument. She claims that she should be allowed a further opportunity to respond to the Bank's supplemental affidavit because it contained evidence of prior notice to her of the Bank's election to exercise the acceleration clause of a promissory note secured by the mortgage. She argues that the supplemental affidavit raised the issue of acceleration for the first time just three days before the hearing on summary judgment. Her argument fails for two reasons. First, the evidence of notice is unnecessary to support the judgment because the promissory note contains a waiver of notice of acceleration. *See* 11 M.R.S.A. § 3–511 (1964). Second, the allegations of the complaint constituted a sufficient pleading that acceleration had occurred. *See Strong v. Stoneham Co-op. Bank*, 357 Mass. 662, 667, 260 N.E.2d 646, 649 (1970).

Because we conclude that Chee could not reasonably have expected to prevail, and that her appeal is frivolous and instituted primarily for the purpose of delay, we impose sanctions authorized by M.R.Civ.P. 76(f).

The entry is:

Judgment affirmed.

Reasonable attorney fees and treble costs awarded to plaintiff.

Remanded to the Superior Court for assessment of plaintiff's reasonable attorney fees on this appeal.

All concurring.